IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIA LOTT                          :          CIVIL ACTION
                                  :          NO. 10-04088
    v.                            :
                                  :
THE CHILDREN"S HOSPITAL OF        :
PHILADELPHIA                      :
                                  :

O'NEILL, J.                                          December 22, 2010

## MEMORANDUM

Plaintiff Mia Lott was employed by defendant The Children's Hospital of Philadelphia

and was terminated on July 11, 2005.[1]  On January 6, 2006, Lott filed a charge of discrimination

with the Equal Employment Opportunity Commission claiming that her discharge was based on

unlawful discrimination because of her race and religion.  On December 26, 2006, while her

EEOC claim was still pending, Lott submitted an application for another position at CHOP in

which she disclosed her prior employment with the hospital.  In January 2007, she interviewed

for the position and informed her interviewer about her pending EEOC claim against CHOP.

On February 1, 2007, Lott entered into a settlement agreement with CHOP resolving her

EEOC claim against the hospital in exchange for monetary consideration.  Under the terms of the

settlement agreement, plaintiff agreed, inter alia, that:  (a) she would "not perform any services

for CHOP after [July 11, 2005]" (Doc. 1, Exh. B. ¶ 5.); (b) she would "not return to CHOP's

premises except to visit a patient or to seek medical care for a patient" (id. ¶ 6); (c) she would not

"apply for or otherwise seek reemployment with CHOP and/or its affiliates and agree[d] that

---

[1]       For the purpose of determining this motion, I accept all factual allegations in
plaintiff's complaint as true and give her the benefit of all reasonable inferences that can be fairly
drawn therefrom.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir.2009).

CHOP and or/its affiliates have no obligation to rehire, reemploy, recall or rehire her in the future . . . [and agreed] not to accept any work assignment, through any temporary agency, contractor, vendor, or service provider of CHOP, to work for CHOP or on CHOP's premises, at any time in the future." (Id. ¶ 7.)

In or about March 2007, and despite the terms of her settlement agreement, Plaintiff accepted an offer of employment at CHOP and thereafter began to work at the hospital for a second time. Plaintiff does not allege that she informed anyone involved in rehiring her of the terms of her settlement agreement prior to returning to work at CHOP. On March 9, 2009, CHOP discharged plaintiff, allegedly for failing to disclose the no right to reemployment clause contained in the February 1, 2007 settlement agreement. Plaintiff asserts that her termination was retaliation for her prior complaint of discrimination in violation of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

Defendant moves to dismiss plaintiff's complaint. For the reasons that follow, I will grant defendant's motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations

omitted).  The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556.  The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss:  'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949.  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950 .  The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) .  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  Iqbal, 129 S. Ct. at 1949.

DISCUSSION

Plaintiff's complaint is insufficient to establish a prima facie case of unlawful retaliation. To state a claim for unlawful retaliation, plaintiff must allege that:  (1) she engaged in protected

conduct; (2) she suffered an adverse employment action; and (3) there is a causal connection between her protected conduct and the adverse employment action.  See  Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006); Weston v. Commw. of Pa., 251 F.3d 420, 425 (3d Cir. 2001); Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).  For purposes of this motion, CHOP does not dispute that plaintiff's complaint sufficiently alleges protected conduct and an adverse employment action.  Rather, CHOP argues that Lott fails to allege sufficient facts to establish a causal connection between CHOP's decision to discharge her in 2009 and her filing of the EEOC charge in 2006.

Plaintiff's complaint only speculates that she was terminated in retaliation for her prior complaint of discrimination:  "[p]laintiff believes . . . that her termination was in retaliation for her prior complaint of discrimination."  (Doc. 1 at ¶ 19.)  This allegation, without more, is insufficient to establish that CHOP retaliated against Lott.  It is "precisely the kind of conclusory allegation[ ] that the Supreme Court has found to be insufficient to state a claim under Rule 12(b)(6)."  Mozdzierz v. Accenture LLP, No 06-3877, 2010 WL 4273323, at *5 (E.D. Pa. Oct. 29, 2010).  Lott must set out factual allegations to establish more than a "mere possibility" that the actions taken by CHOP could constitute retaliation.  Iqbal, 129 S. Ct. at 1949.  Similar allegations of "belief" have been held insufficient to withstand a motion to dismiss.  See Johnson v. Performance Food Group, No. 10-3742, 2010 WL 4668346, at *2 (D.N.J. Nov. 5, 2010) (dismissing plaintiff's complaint where he pled only his "belief" that defendant retaliated against him); see also Robuck v. Mine Safety Appliances Co., No. 10-00763, 2010 WL 4553562, at *8 (W.D. Pa. Nov. 3, 2010) (holding plaintiff failed to establish the required causal connection to state a retaliation claim where he alleged only that "[p]laintiff believes and therefore alleges that he has been retaliated against for his previous complaints of favoritism . . . .").

Plaintiff's complaint further asserts that the reason CHOP gave Lott for her termination "was violation of policies regarding truthfulness for refusing to disclose the 'no right to reemployment clause" in the release. (Doc. 1 at ¶ 18.) This allegation suggests only that she was terminated because she failed to disclose that she had agreed not to return to work at the hospital when she was offered the second position in March 2007. Without more it is insufficient to establish that CHOP terminated her in retaliation for her prior EEOC complaint. C.f., Jencks v. Modern Woodmen of Am., 479 F.3d 1261, 1268 (10th Cir. 2007) (affirming grant of summary judgment where plaintiff failed to point to facts that would allow a reasonable fact-finder to infer that defendant did not rely on the terms of a settlement agreement foreclosing plaintiff from all forms of future employment with defendant when it decided to reject her application for employment).

The court dismissed a complaint with similar allegations in Mozdzierz, 2010 WL 4273323, where the plaintiff and defendant Accenture entered into a settlement agreement resolving plaintiff's EEOC discrimination charge. The agreement included a clause providing that plaintiff's employment would terminate "at the end of 2004 pursuant to the applicable Accenture policies and procedures." Id. at *1. Plaintiff agreed to "relinquish any and all rights to employment with Accenture following his termination at the end of 2004." Id. Due to an administrative error by defendant, plaintiff subsequently received a letter which advised of a change in defendant's disability leave policy. Id. at *2. Plaintiff believed that the change would allow him to remain employed by defendant and canceled his medicare benefits. Id. Defendant thereafter notified plaintiff that he was not included in the policy change because of his settlement agreement and terminated his employment and benefits. Id. Plaintiff filed a second

complaint of discrimination against defendant alleging retaliation.  Id.  The court found that

plaintiff failed to allege sufficient facts to state a claim for retaliation under the ADA where his

"allegations establish only that Defendant did precisely what it paid plaintiff $60,000 for the right

to do, and what the settlement agreement that plaintiff signed explicitly permitted defendant to

do:  terminate plaintiff's employment and the benefits that were incidental to his employment."

Id. at *5.  As pled, the allegations in Lott's complaint establish only that CHOP terminated her

because she failed to abide by the terms of her settlement agreement when she returned to work

at the hospital, not that it terminated her in retaliation for her prior EEOC claim.  Her allegations

are insufficient to establish the requisite causal connection.[2]

---

[2]    Lott opposes defendant's motion to dismiss by arguing that CHOP waived its
right under the settlement agreement to refuse to rehire or reemploy her by extending her an offer
of employment after entering into the settlement agreement.  However, plaintiff's complaint
contains no explicit allegations of waiver.  Nor does it contain any allegation that the individuals
responsible for hiring her knew that Lott had entered into a settlement agreement with CHOP
including a no right to reemployment clause when she was extended the second offer of
employment.  Under Pennsylvania law, "[t]o constitute a waiver of a legal right, there must be a
clear, unequivocal and decisive act of the party who is claimed to have waived its rights, with
knowledge of such right and an evident purpose to surrender it."  Keenan v. Scott Twp. Auth.,
616 A.2d 751, 755 (Pa. Commw. Ct. 1992), citing Wohlgemuth v. Armacost, 336 A.2d 455 (Pa.
Commw. Ct. 1975); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225
(3d Cir. 2007), quoting United States v. Olano, 507 U.S. 725, 733 (1993) ("Waiver is 'the
intentional relinquishment or abandonment of a known right.'").  Absent an allegation of
knowledge or intention, plaintiff's complaint fails to allege that CHOP waived its rights under
the settlement agreement.
        Even if the allegations in plaintiff's complaint were sufficient to establish that CHOP
waived its contractual right to not re-employ her, her complaint still would not contain sufficient
allegations to raise a reasonable expectation that there was any causal connection between the
plaintiff's termination and her prior EEOC filing.  The allegations in plaintiff's complaint are
insufficient to establish either "(1) an unusually suggestive temporal proximity between the
protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with
timing" and cannot establish the causal connection required to state a prima facie case of
retaliation.  Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir.2007) (internal
citations and quotation omitted).  Plaintiff's complaint contains no allegations of any "ongoing
antagonism" between her and defendant and a period of three years between the filing of her

Accordingly, I find that plaintiff has not set forth a prima facie case of retaliation and I will grant defendant's motion to dismiss with leave to amend.[3]

An appropriate Order follows.

---

EEOC charge and her termination is not an "unusually suggestive temporal proximity."  See Ward v. Allied Mech. & Elec., No. 09-1579, 2010 WL 4180737, at *4 (M.D. Pa. Oct. 20, 2010) (finding on motion for summary judgment that "two years is too attenuated for a court to find, without more, that there was a temporal connection").

[3]    "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008)