IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIA LOTT | : | CIVIL ACTION |
| | : | NO. 10-04088 |
| v. | : | |
| | : | |
| THE CHILDREN'S HOSPITAL OF PHILADELPHIA | : | |
| | : | |

## **MEMORANDUM AND ORDER**

On December 22, 2010, I dismissed plaintiff Mia Lott's complaint against defendant The Children's Hospital of Philadelphia without prejudice. I held that the allegations in plaintiff's complaint failed to set forth a prima facie case of retaliatory discrimination under either the Civil Rights Act of 1964 or the Pennsylvania Human Relations Act. Plaintiff's allegations were insufficient to establish a causal connection between her March 9, 2009 discharge and the charge of discrimination Lott had filed with the Equal Employment Opportunity Commission on January 6, 2006. Defendant now moves to dismiss the amended complaint plaintiff filed on January 11, 2011.[1] Defendant argues that plaintiff again fails to allege facts sufficient to make out a claim of unlawful retaliation. I agree.

Even if her amended allegations establish that defendant waived its right to enforce the settlement agreement, and I make no judgment as to whether or not they do, plaintiff's amended complaint provides no new facts that would allow me to find the requisite causal connection between her filing of the EEOC charge and her termination. Plaintiff now alleges that "the sole reason for the discharge was that plaintiff had been a litigant in a charge of discrimination in the

---

[1] The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is set forth in my opinion of December 22, 2010. Plaintiff's amended complaint does not alter the appropriate standard of review.

past and CHOP believed that the settlement agreement that was signed by plaintiff gave them the right to terminate her employment despite two years of acceptable performance." See Am. Compl. ¶ 25 (emphasis added). Her allegations establish only that she was terminated because of the settlement agreement in which she had agreed that she would "not perform any services for CHOP after" July 11, 2005 and that she would "not [ ] accept any work assignment . . . to work for CHOP or on CHOP's premises at any time in the future." Def.'s Mot. to Dism. Am. Compl. Ex. B ¶¶ 5, 7.

Plaintiff's amended complaint includes no new allegations of either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing" and fails to establish the causal connection required to state a prima facie case of retaliation. Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (internal citations and quotation omitted). A period of three years between the filing of her EEOC charge and her termination is not an "unusually suggestive temporal proximity." See Yeakel v. Cleveland Steel Container Corp., No. 09-5680, 2011 WL 536536, at *4 (E.D. Pa. Feb. 15, 2011) ("courts have generally found unusually suggestive temporal proximity only where the adverse employment action occurs contemporaneously or immediately after the protected activity"); Ward v. Allied Mech. & Elec., No. 09-1579, 2010 WL 4180737, at *4 (M.D. Pa. Oct. 20, 2010) (finding on motion for summary judgment that "two years is too attenuated for a court to find, without more, that there was a temporal connection"). Further, plaintiff's amended complaint contains no allegations whatsoever of any "ongoing antagonism" between her and defendant. Indeed, she admits that she "worked for [defendant] for two years without incident and with good performance evaluations." See Am. Compl. ¶ 18.

Plaintiff's amended complaint fails to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the requisite causal connection. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Accordingly, this 28th day of February, 2011, upon consideration of defendant's motion to dismiss plaintiff's amended complaint and all responses thereto, it is ORDERED that defendant's motion is GRANTED and plaintiff's amended complaint is DISMISSED.

    s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.

Plaintiff's amended complaint again fails to demonstrate that retaliatory intent "was a <u>determinative factor</u> of the employment decision, meaning that she would not have been terminated but for" her filing of the EEOC charge.  <u>LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n.</u>, 503 F.3d 217, 232 n.8 (3d Cir. 2007) (emphasis in original).